**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

| | | |
|---|---|---|
| **MACK R. LEWIS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:08-CV-036-C |
| | § | ECF |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | **Referred to United States** |
| Defendant. | § | **Magistrate Judge** |

**REPORT AND RECOMMENDATION**

**THIS CASE** is before the court upon Plaintiff's complaint filed July 7, 2008, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act. On July 7, 2008, the United States district judge, pursuant to 28 U.S.C. § 636(b), reassigned this case to the United States magistrate judge for all further proceedings. Plaintiff filed a brief in support of his complaint on January 29, 2009, Defendant filed a brief on February 26, 2009, and Plaintiff filed his reply on March 13, 2009. This court has considered the pleadings, the briefs, and the administrative record and recommends that the United States district judge reverse the Commissioner's decision and remand this case for further administrative proceedings.

**I.   STATEMENT OF THE CASE**

Plaintiff filed an application for disability insurance benefits on December 21, 2004, alleging disability beginning June 5, 2003. Tr. 14. Plaintiff's application was denied initially and upon reconsideration. Tr. 14, 56-59, 61-65. Plaintiff filed a Request for Hearing by Administrative Law

Judge on August 4, 2005, and this case came for hearing before the Administrative Law Judge ("ALJ") on February 13, 2007.  Tr. 14, 44, 217-38.  Plaintiff, represented by an attorney, testified in his own behalf.  Tr. 222-30.  Jerry L. Taylor, a vocational expert ("VE"), appeared and testified as well.  Tr. 230-37.  The ALJ issued a decision unfavorable to Plaintiff on April 26, 2007.  Tr. 11-21.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act.  He found that Plaintiff last met the disability insured status requirements on June 30, 2003, and that Plaintiff had not engaged in substantial gainful activity at any time since June 5, 2003, through his last date insured of June 30, 2003.  Tr. 14, 16.  Plaintiff has "severe" impairments, including right knee pain, left shoulder pain, and low back pain status post injury with resultant arthritis.  Tr. 16.  Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1.  *Id*.  Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p.  Tr. 18.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning his impairments and their impact on his ability to work were not entirely credible prior to June 30, 2003.  *Id*.

The ALJ found that Plaintiff could not return to his past relevant work as an animal control officer, sheriff's deputy, radio dispatcher, or bailiff.  Tr. 19.  He noted that Plaintiff was considered

an "individual closely approaching advanced age" with a high school education and 2 years of college.  20 C.F.R. §§ 416.963, 416.964; Tr. 20.

The ALJ found that prior to June 30, 2003, Plaintiff retained the RFC to perform the requirements of light work activity, with the following limitations: occasionally lifting/carrying 20 pounds and frequently lifting/carrying 10 pounds; sitting/walking about 6 hours in an 8-hour workday using a cane in his dominant right hand and sitting about 6 hours in an 8-hour workday; periodically alternating sitting and standing to relieve pain or discomfort; no pushing/pulling more than 30 pounds using the upper extremities; no climbing ladders, ropes, or scaffolds but occasionally climbing ramps and stairs; occasionally balancing, kneeling, crouching, crawling, and stooping; no keyboarding or overhead reaching with the upper right extremity; and frequently reaching/handling and occasional fingering/feeling.  Tr. 18.  Having found that Plaintiff could not perform the full range of sedentary work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite his severe impairments.  Tr. 18-19.  He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of jailer, with 1,700 jobs in Texas and 42,000 jobs nationally; and security guard, with 6,100 jobs in Texas and 865,000 jobs nationally.  *Id*.  Within the subset of security guards are also jobs as surveillance system monitor, with 2,100 jobs in Texas and 32,000 nationally; and deputy sheriff for a grand jury with 1,500 jobs in Texas and 200,000 jobs nationally.  The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision.  Tr. 21.

Plaintiff submitted a Request for Review of Hearing Decision/Order on March 12, 2008.  Tr. 10.  After granting a 25-day extension, the Appeals Council denied Plaintiff's request and issued its opinion on May 2, 2008, indicating that although it had considered the contentions raised in

Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 4-9. The ALJ's decision, therefore, became the final decision of the Commissioner.

On July 7, 2008, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States District Court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453.  In this case the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform work in the national economy.  Tr. 20-21.

### III.  DISCUSSION

Plaintiff claims that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence because the ALJ failed to properly assess Plaintiff's RFC and failed to consider the opinions of the treating physician regarding the limitations imposed by his impairment on his ability to perform sitting and standing during an 8-hour workday. The ultimate issue is whether the ALJ's decision is supported by substantial evidence.  The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

In this case Plaintiff last met the insured status requirements on June 30, 2003. Tr. 16.  The ALJ noted that Plaintiff's treating physician, Gregory Lind, M.D., completed a residual functional capacity form on June 15, 2006.  Tr. 19.  The ALJ indicated that he had "given little weight to the opinions of Dr. Lind," noting that "[t]he restrictions in his residual functional capacity assessment are not supported by any treatment notes prior to June 30, 2003," and further noted that "[i]t appears that Dr. Lind's residual functional capacity is based on what the claimant was capable of doing in 2006 and not what he was able to do prior to his date last insured."  *Id*.

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R.

§ 404.1527(d)(2). On the other hand, "[g]ood cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton*, 209 F.3d at 456.

In this case the ALJ discounted the opinion of the treating physician as to the limitations imposed by Plaintiff's impairments. Defendants argue that there is substantial evidence in the record to support the ALJ's RFC determination and his decision to give very little weight to the opinion of Dr. Lind regarding the limitations imposed by Plaintiff's impairments, arguing that the record supports the ALJ's determination that such opinion was not supported by any treatment notes prior to June 30, 2003. Defendants also argue that Plaintiff has failed to show any prejudice given that the ALJ noted that Dr. Lind had treated Plaintiff since 2001 and examined him every six months, although he did not reference treatment records of such examinations.

There must be evidence in the record to support the ALJ's RFC determination. The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Social Security Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record. SSR 96-8p. As noted in SSR 96-8p,

> RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule. RFC does not represent the least an individual can do despite his or her limitations or restrictions, but the most.

This ruling further provides that exertional capacity involves seven strength demands and that each function must be considered separately.

The regulations provide that:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 CFR § 404.1567(a).

Plaintiff argues that the RFC questionnaires completed by Dr. Lind constitute the only evidence in the record regarding the specific functional limitations imposed by his impairments because Dr. Lind opined that Plaintiff could stand or walk only two to three hours per 8-hour workday. As Defendant notes, Plaintiff was examined by Dr. Lancy Allyn on January 25, 1999, and Dr. Allyn opined that Plaintiff "should be permanently precluded from having to use his left upper extremity" but opined that Plaintiff had no other work restrictions. Tr. 200.

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.* However, the ALJ discounted the opinion of a treating physician regarding the specific limitations imposed by the Plaintiff's impairments indicating that he was doing so because there

-7-

were no treatment records from the appropriate time period. Given the difference between the limitations noted by the treating and examining physicians and the different time periods (1999 versus 2001 through 2006), the fact that the ALJ relied on the absence of treatment records to discount the opinion of Dr. Lind regarding limitations imposed by impairments is troubling, given the dearth of other first-hand evidence regarding such limitations and given that such evidence was a part of the record. The court finds that the ALJ erred in making his RFC determination and in discounting the opinion of the treating physician regarding the limitations imposed by Plaintiff's impairment. The court further finds that such error is prejudicial given the opinion of Dr. Lind regarding Plaintiff's ability to sit and to walk and stand, because such limitations conflict with the ALJ's RFC finding.

The court therefore recommends that this case be reversed and remanded for further administrative action. Upon remand, the ALJ should further consider and explain the weight given to the opinion of the treating physicians and the limitations imposed by Plaintiff's impairments on his ability to perform work activity.

### IV.    CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States district judge reverse the Commissioner's decision and remand this case for further proceedings in accordance with this recommendation.

Plaintiff having refused consent to having the United States magistrate judge conduct all further proceedings in this case, this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific,

an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

DATED this 2nd day of February, 2010.

_____
**PHILIP R. LANE**
**UNITED   STATES   MAGISTRATE   JUDGE**